**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT J. LUTZ, ) | CIVIL DIVISION |
|         Plaintiff, ) | |
| vs. ) | Case No: 2:20-cv-829 |
| ) | |
| THE TOWNSHIP OF NORTH FAYETTE, ) | Senior District Judge David S. Cercone |
| and DETECTIVE DONALD J. COKUS, JR. ) | |
| (in his official capacity and as an individual), ) | *Electronically Filed* |
| ) | |
|         Defendants. ) | **JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

**I.     STANDARD FOR DISMISSAL UNDER FRCP 12(b)(6)**

When considering a Motion to Dismiss under the Federal Rules, the Court must accept as true all well pled allegations in Plaintiff's Complaint, and construe them in a light most favorable to the Plaintiff. The Court may dismiss the claim if it appears beyond a reasonable doubt, the Plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief. *Labove v. Lalley*, 809 F.2d. 220 (3d Cir. 1987). The Court may consider exhibits attached to the Complaint, and matters of public record. *Benefit Guarantee Corp. v. White Consol Industries*, 998 F. 2d. 1192, 1196 (3d Cir. 1993).

The Supreme Court has clarified its position on the standard under a Motion to Dismiss, in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The "no set of facts standard" found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), has been abrogated in favor of requiring a Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. As a result of the *Twombly* holding, Plaintiffs must have "nudged their claim across the line from conceivable to plausible, or the Complaint must be dismissed." *Id*.

> While a complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulated recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 1964-65 (citations omitted).

The Court does not have to accept every allegation of Plaintiff's Complaint as true. The Court need not credit "bold assertions" or "legal conclusions" in a Complaint, when deciding a Motion to Dismiss. *Burlington Coat Factory SEC Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997). Further, unsupported conclusions and unwarranted inferences need not be accepted as true. *Trzaska v. L'Oreal USA, Inc.,* 865 F.3d 155, 159 (3d Cir. 2017). "When conducting our review, 'we must accept the allegations in the complaint as true . . . [but] are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Id. (quoting Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (alterations in original)). *Ikb Int'l S.A. v. Wilmington Trust Co.,* 2019 U.S. App. LEXIS 15069, *7 (3d Cir. May 21, 2019).

## II.     ARGUMENT PURSUANT TO FRCP 8

Rule 8 requires that a Complaint be sufficient to place the defendants on notice of the causes of action being brought against them. " … we turn to the "plain" statement requirement, which prompts us to ask whether, liberally construed, a pleading "identifies discrete defendants and the actions taken by these defendants" in regard to the plaintiff's claims. See *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam). Naturally, a pleading that is so "vague or ambiguous" that a defendant cannot reasonably be expected to respond to it will not satisfy

Rule 8. *Schaedler*, 370 F.2d at 799; see also *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). And, of course, "[t]he dismissal of a complaint on the ground that it is unintelligible is unexceptional" because it cannot satisfy the basic notice function of a pleading." *Ruby Foods*, 269 F.3d at 820 (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). *Garrett v. Wexford Health, et al*, 983 F3d 69, 93 (3d Cir. 2019).

The language used within both Count I and Count II lends itself to a number of causes of action which may include malicious prosecution, false arrest, false imprisonment or some other recognized cause of action. However Count I is vaguely titled "4th Amendment, 14th Amendments §1983, Civil Rights Act" and references that Plaintiff was "illegally physically arrested," and was "physically detained, threatened and interrogated[.]" At Count II Plaintiff titles it the same, but references coercion of a confession, "continued incarceration[,]" "seizure and incarceration[.]"

All that Defendants are able to discern with certainty is that these Counts are federal civil rights claims. The Federal Rules require that Defendants should not be expected to speculate about the precise nature of the claims they are defending. The Amended Complaint as it stands, falls short of the strict federal pleading standard set forth in *Iqbal* and *Twombly*. Therefore Counts I and II should be dismissed and Plaintiff should be required to plead his causes of action with precision in language that is sufficient such that Defendants receive sufficient notice.

### III.     ARGUMENTS PURSUANT TO FRCP 12(b)(6)

#### A.     Statute of Limitations bars Counts III and IV

It is also clear from a plain reading of the Amended Complaint that certain causes of action pled by Plaintiff are barred by the applicable statute of limitations. An untimely

complaint may be dismissed by a Rule 12(b)(6) Motion to Dismiss.  *See Saylor v. Ridge*, 989 F.Supp. 680, 681 (E.D. Pa. 1998).  Criminal charges were brought against Plaintiff on or about July 1, 2017, and were nolle prossed on or about June 4, 2018.[1]  Plaintiff initiated this action on or about June 4, 2020.

At Count III, Plaintiff is bringing state law claims for false arrest and false imprisonment. Pennsylvania law based claims for false arrest and false imprisonment accrue at the time of a plaintiff's arrest.  *See Moore v. McComsky*, 459 A.2d 841, 843 (Pa. Super Ct. 1983).  Here, the statute of limitations began to run on July 1, 2017 when Plaintiff was arrested and thus subjected to the criminal justice system.  The statute therefore ran on July 1, 2019, approximately a year prior to when this action was initiated.  Count III therefore mandates dismissal.

Count IV is a cause of action for Abuse of Process.  Pennsylvania's two year statute of limitations applies to this cause of action as follows; "The statute of limitations applicable to a claim for Abuse of Process is two years. 42 Pa.C.S.A. § 5524(1). … The date that a claim for Abuse of Process accrues is different from the date when a claim for Wrongful Use of Civil Proceedings accrues. Wrongful Use of Civil Proceedings claims accrue on the date of termination of the allegedly wrongful suit because a necessary element of the claim is that the prior suit terminated in the current Appellant's favor. **By contrast, Abuse of Process claims accrue on the date the alleged abuse occurred.**" *P.J.A. v. H.C.N.*, 156 A.3d 284, 289 (2017)(emphasis added).  The limitations period, as with the state law claims of false arrest and false imprisonment expired on July 1, 2019, well before Plaintiff filed his civil suit.  Count IV must therefore be dismissed.

---

[1] Plaintiff, likely by design, fails to plead the relevant date of his arrest.

### B. No recognized cause of action was brought against the Township.

All of Plaintiff's causes of action are brought against the Township. A fair reading of the Amended Complaint makes clear that liability is being sought in each claim on the basis *respondeat superior*. In 1978 the Supreme Court determined that *respondeat superior* is not a viable theory to establish municipal liability in a federal civil rights case. *See e.g., Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Specifically, the *Monell* Court stated:

> "[T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Id*. at 691.

At the crux of the Amended Complaint are allegations that because Defendant Cokus acted to prosecute Plaintiff and that his civil rights were somehow violated. There are no customs, policies or procedures[2] identified anywhere in the Amended Complaint on the part of the Township.

Therefore it is manifest that the Township should be dismissed from the Amended Complaint in its entirety where Plaintiff brought federal claims.

---

[2] The Third Circuit has explained that there are three ways in which a municipality may be liable for the torts of its employees under §1983:

> First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity; second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy; third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes.

*Koltonuk v. Borough of Laureldale*, 443 F. Supp. 2d 685 (E.D. Pa. 2006) (internal citations omitted).

Liability of Defendant Township as to Plaintiff's state law claims is controlled by Pennsylvania's Political Subdivision Tort Claims Act, which allows for tort liability only in limited situations. The Act confers tort immunity upon the Township, except to the extent that the injury alleged was caused by negligent conduct of the Township arising out of one of ten specific exceptions to governmental immunity listed in the Act. *See generally* 42 Pa. C.S. 8522(b).

What is more, a municipality cannot be held liable as to state law intentional tort claims under the applicable case law at Counts III and IV. The Pennsylvania Commonwealth Court addressed this principal as follows:

> It is well-settled that where a plaintiff has averred willful misconduct on the part of local agency employees, section 8542(a)(2) of the Tort Claims Act, 42 Pa.C.S. § 8542(a)(2), bars recovery from the local agency because liability may be imposed on a local agency only for negligent acts. *City of Philadelphia v. Glim*, 149 Pa.Cmwlth. 491, 613 A.2d 613, 617 (1992); *City of Philadelphia v. Brown*, 152 Pa.Cmwlth. 343, 618 A.2d 1236, 1238–39 (1992). In addition, section 8550 of the Tort Claims Act, 42 Pa.C.S. § 8550, does not create an exception to section 8542(a)(2), and, as a result, a local agency may not be held liable for the willful misconduct of its employees. *Glim*, 613 A.2d at 617; *Brown*, 618 A.2d at 1238–39. In order to overcome the defense of governmental immunity, a plaintiff's claims against a local agency must sound in negligence and must fall within one of the eight enumerated exceptions to local agency immunity set forth in section 8542(b) of the Tort Claims Act, 42 Pa.C.S. § 8542(b). *Glim*, 613 A.2d at 616–17.

*Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Commw. 2014).

Here, Plaintiff's claims are imbedded in intentional tort claims, which are not viable avenues of liability against the Township of North Fayette. As such, Defendant Township should be dismissed in full from the instant Amended Complaint. Even assuming the Court would allow Plaintiff's clearly intentional tort based claims to proceed, the acts complained of do not fall within any exception to governmental immunity as provided by the Act. Plaintiff's claims

are barred by governmental immunity to the instant claims as to Defendant Township, and should respectfully be dismissed with prejudice.

### C.     Count V – Punitive Damages is not a cause of action.

At Count V, Plaintiff brings a purported cause of action for "punitive damages" against Defendant Cokus.  Punitive damages is one form of damages, not a separate cause of action. "Punitive damages are a remedy incidental to [a] cause of action, not a substantive cause of action in and of themselves." *Hassoun v. Cimmino*, 126 F.Supp.2d 353, 372 (D.N.J. 2000)(citing *Sellers v. School Bd. Of City of Manassas*, 960 F.Supp. 1006, 1011-12 (E.D. Va. 1997)(noting that compensatory and punitive damages not available under §1983 if plaintiff does not state violation of substantive right), *aff'd*, 141 F.3d 524 (4th Cir. 1998)).  Punitive damages cannot be recovered separate and apart from an independent cause of action. *See Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989).  Plaintiff already pleads for relief in the form of punitive damages in every Count, such that dismissal of Count V would not cause him to forego this claimed damage.  Count V should therefore be dismissed.

### IV.     ARGUMENTS PURSUANT TO FRCP 12(f)

This argument addresses three groups of averments in the Amended Complaint (ECF Doc. 3) directed at Detective Cokus, a Court of Common Pleas Judge and Plaintiff's mother. The overall tone of the Amended Complaint is caustic towards Detective Cokus and a Court of Common Pleas judge.  The Amended Complaint also contains a significant number of irrelevant averments regarding Plaintiff's mother who is not a party to this litigation.  Defendants move to strike the irrelevant, impertinent and scandalous averments pursuant to Fed. R. Civ. P. 12(f).

The purpose of a Rule 12(f) motion to strike is to 'clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters.'" *Claude Worthington Benedum Found. V. Harley*, Civ. No. 12-1386, 2013 U.S. Dist. LEXIS 79303, 2013 WL 2458457, at *16 (W.D. Pa. June 6, 2013) (quoting *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012)).

> "Immaterial" matter is that which has no essential or important relationship to the claim for relief. "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. A "scandalous" matter or pleading is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court.

*Bancroft Life & Cas. ICC, Ltd. v. Intercontinental Mgmt., Ltd.*, Civ. No. 10-704, 2012 U.S. Dist. LEXIS 48247, at **37-38 (W.D. Pa. April 5, 2012)(citation omitted).  "Motions to strike are disfavored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civ. No. 09-290, 2011 U.S. Dist. LEXIS 27906, 2011 WL 1044652, at *1 (W.D. Pa. Mar. 18, 2011) (citations and quotations omitted).

In his Amended Complaint, Plaintiff includes several allegations that do not advance a cause of action for any civil rights violation or Pennsylvania state law claim, and therefore, should be stricken from the Amended Complaint.  An apparent theory being promoted in the Complaint is that Detective Cokus is a very ambitious detective who, in order to be promoted and be considered for Chief of Police, zealously manufactured evidence to bring very serious criminal charges against the Plaintiff which ultimately were dismissed because the victim

recanted her story. It is also alleged that the Detective was motivated by a personal animosity because Plaintiff was/is an alcoholic and had been arrested numerous times. The claims of the Complaint are accusatory and intended to be inflammatory and border on fantasy. Furthermore one has to wonder how Plaintiff imagines that such claims could be proven.

At Paragraphs 65-70, 99-100, 165-170, and 173 of the Amended Complaint ECF Doc. 3, Plaintiff includes his personal feelings and beliefs regarding Detective Cokus, including what his alleged career aspirations are and animus towards Plaintiff. These averments constitute immaterial, impertinent and scandalous matter. The alleged "aspirations" of Defendant Cokus are immaterial and impertinent in that they bear no relationship to the controversy at hand, *i.e.* whether or not the Plaintiff was prosecuted without probable cause in violation of his civil rights.

Moreover, the averments are scandalous because they cast Defendant Cokus in a derogatory light, with the implication being that he was a ruthless career driven police officer who manufactured evidence against a totally innocent Plaintiff. However such a position is contrary to other averments contained in the Amended Complaint which admit that the *nolle prosse* of the criminal charges occurred at the trial of this matter. A trial would occur only after the criminal charges were held at every stage of the criminal process up to trial.

Plaintiff's inclusion of these averments serves no purpose than to attempt to publicly embarrass and harass Defendant Cokus. To that end, these immaterial, impertinent and scandalous averments about Defendant Cokus' should be struck from the Amended Complaint.

Beyond the inappropriateness of these averments Defendants question what evidence Plaintiff has at this time to demonstrate that these allegations were brought in good faith as required by the Federal Rules of Civil Procedure and the Pennsylvania Rules of Professional

Conduct. The Amended Complaint was drafted in a reckless fashion that should result in corrective action at this stage of the litigation and will result in the issue being taken up in another appropriate forum at the appropriate time.

As further evidence of the bad faith motivation behind the Amended Complaint, in Paragraphs 86 through 91 Plaintiff severely disparages former Allegheny County Court of Common Pleas Judge Donna Jo McDaniel, citing to her bad "reputation," and "bias". These averments, while disturbing in an of themselves, also evidence that they are intended to imply that the evil motive of Detective Cokus was to have Plaintiff prosecuted in the court of an evil Court of Common Pleas Judge. Such averments bear no essential relationship to the issue of whether the Defendants violated Plaintiff's civil rights and are disturbingly unprofessional.[3] These averments are immaterial and frankly constitute an outrageous personal attack on a judge who is not positioned to respond in her own defense. As such, these immaterial and impertinent averments should be stricken from Plaintiff's Amended Complaint.

Finally, at Paragraphs 115 through 121, Plaintiff sets forth a number of averments relating to claimed damages suffered by his mother, Violet Lutz. Ms. Lutz is not a named party to the instant action such that any averments related to damages that she contends to have suffered are immaterial to the instant civil rights claims by her son. What is more, these were obviously pled so as to evoke sympathy toward Plaintiff and are impertinent as well as utterly irrelevant. As a result, Defendants seek removal of these immaterial and impertinent averments.

---

[3] It should be noted that before filing the Motion to Dismiss, Defense counsel communicated the concerns raised in the within Motion in writing to Plaintiff counsel who responded by declining to further amend the Complaint.

In conclusion, Defendants request that paragraphs 65-70, 86-91, 99-100, 115-121, 165-170 and 173 of the Amended Complaint (ECF Doc. 3) be stricken.

## V.     CONCLUSION

For these reasons, Plaintiff has failed to set forth any cause of action that can survive Defendants The Township of North Fayette's and Detective Donald J. Cokus, Jr.'s Motion to Dismiss. Plaintiff's Amended Complaint must therefore respectfully be dismissed as a matter of law, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY: _____
PAUL D. KREPPS, ESQUIRE
PA ID #73038
MORGAN M. J. RANDLE, ESQUIRE
PA ID #324470
**Counsel for Defendants**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
(412) 803-1140 // (412) 803-1188 fax
pdkrepps@mdwcg.com
mmrandle@mdwcg.com

LEGAL/131607060.v1